UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN PHILLIP ROZAJEWSKI,<br><br>    Petitioner,<br><br>v.<br><br>ROSS CASTLETON,<br><br>    Respondent. | Case No. 4:16-cv-00056-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Stephen Phillip Rozajewski ("Petitioner" or "Rozajewski"), challenging Petitioner's Canyon County conviction of unlawful possession of a firearm. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal. (Dkt. 17.) The Motion is now ripe for adjudication.

  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 11.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

**MEMORANDUM DECISION AND ORDER - 1**

Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing this case with prejudice.

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 16.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Rozajewski*, 359 P.3d 1058 (Idaho Ct. App. 2015). The facts will not be repeated here except as necessary to explain the Court's decision.

Investigating officers discovered evidence against Petitioner in a search of Petitioner's rented room in a residence owned by a probationer. *Id*. at 1059. Officers had obtained a warrant for the search of Petitioner's room, but—as the trial court later determined—the officer obtaining the warrant made some statements with reckless disregard for the truth, and omitted other information, during the warrant application process. (State's Lodging A-1 at 80-82.) Following a hearing held pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), the trial court denied Petitioner's motion to suppress the evidence, concluding that the false statements and omissions were not material to the magistrate judge's finding of probable cause. (*Id*. at 81-83.)

Petitioner entered a conditional no-contest plea to one count of unlawful possession of a firearm and was sentenced to a unified term of five years in prison with four years fixed. (*Id*. at 101-02.) Petitioner appealed, asserting that the trial court erred in denying his motion to suppress. (State's Lodging B-1; B-3.) The Idaho Court of Appeals

**MEMORANDUM DECISION AND ORDER - 2**

affirmed the trial court's determination that the false statements and omissions were not material, and the Idaho Supreme Court denied review. (State's Lodging B-4, B-7.)

Petitioner filed a petition for state post-conviction relief, contending, among other things, that his sentence was excessive "for the first offense of this nature." (State's Lodging C-1 at 5.) The stated district court dismissed the petition. (*Id*. at 85-91.) Although Petitioner initially appealed, he later filed a motion to dismiss that appeal. (State's Lodging D-1.) The motion was granted and the appeal dismissed. (State's Lodging D-2.)

While his initial post-conviction petition was pending, Petitioner filed a successive petition for post-conviction relief, asserting that his trial counsel rendered ineffective assistance in failing to move to modify his sentence under Idaho Criminal Rule 35. (State's Lodging E-1 at 4-5.) The trial court dismissed the successive petition. (*Id*. at 31-39.) Petitioner appealed, but—in the same motion to dismiss the appeal in his initial post-conviction case—he moved to dismiss his appeal in the successive petition case. (State's Lodging F-2.) The motion was granted and the appeal dismissed. (State's Lodging F-3.)

In the instant federal Petition, Petitioner asserts five claims. The first four claims all challenge the denial of Petitioner's motion to suppress. Claim 1 asserts specifically that the *Franks* hearing on the motion to suppress was not conducted properly because "it is inappropriate for a statement, once it is determined to be false, to not be omitted." (Pet., Dkt. 3, at 5.) Claim 2 asserts that the officer who obtained the warrant to search Petitioner's room committed perjury during the warrant application process. (*Id*. at 6.) Claim 3 alleges that the warrant was issued without probable cause and that there was no

**MEMORANDUM DECISION AND ORDER - 3**

"nexus" linking Petitioner to the "items in the common area or some showing of criminal activity." (*Id*. at 7.) Claim 4 alleges that Petitioner's right to privacy was violated by the search of his room and the seizure of the evidence. (*Id*. at 8.)

Claim 5 of the Petition asserts that Petitioner's sentence was excessive or vindictive, but it does not cite a federal basis for relief. (*Id.* at 9.) For this reason, the Court earlier presumed that Claim 5 was intended to be an excessive sentence claim under the Eighth Amendment. (Initial Review Order, Dkt. 7, at 2.) Petitioner has not objected to the Court's presumption.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (*Id.* at 2-3.) Respondent now moves to dismiss the Petition, asserting that all of the claims are noncognizable and that Claim 5 is procedurally defaulted. (Dkt. 17.)

## DISCUSSION

1. **Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may

file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2.	**Claims 1 through 4 Are Noncognizable in this Federal Habeas Proceeding**

Because Claims 1 through 4 assert violations of the Fourth Amendment, they are barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the United States Supreme Court held that, so long as the state provided the petitioner an opportunity for full and fair litigation of his Fourth Amendment claim in state court, a federal court cannot grant habeas corpus relief on the ground that evidence was obtained in violation of the Fourth Amendment. 428 U.S. at 494. The *Stone* rule is based on the principle that the exclusionary rule is "not a personal constitutional right" but is instead a practical way to deter police conduct that violates the Fourth Amendment. *Id.* at 486. The social costs of the exclusionary rule are heavy: the rule "deflects the truthfinding process and often frees the guilty." *Id.* at 490. On collateral review of a criminal conviction, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494-95.

To determine whether a petitioner had a full and fair opportunity to challenge his Fourth Amendment claim in state court, the Court "inquire[s] into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001). If the Court determines that the state court procedures are adequate, the inquiry ends there. *Id.* at 8-9. That is, "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by

**MEMORANDUM DECISION AND ORDER - 5**

means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Id*. at 9. Stated another way, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Petitioner bears the burden of establishing that the state courts did not consider his Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Here, Petitioner had a chance to litigate his Fourth Amendment claims, and he did so by filing a motion to suppress. The Idaho Court of Appeals considered his claims on appeal and rejected them. Petitioner had a full and fair opportunity to present his Fourth Amendment claims to the Idaho state courts. Therefore, Claims 1 through 4 are noncognizable in this federal habeas corpus proceeding.

3. **Construed as an Eighth Amendment Claim, Claim 5 Is Subject to Dismissal as Procedurally Defaulted**

As explained above, the Court construes Claim 5 as a claim that Petitioner's sentence was excessive, in violation of the Eighth Amendment to the Constitution.[1]

   A.   *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state

---

[1] If Claim 5 was construed as an excessive sentence claim under Idaho law—or on any basis other than federal law—it would not be cognizable. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

**MEMORANDUM DECISION AND ORDER - 6**

courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts

**MEMORANDUM DECISION AND ORDER - 7**

have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

### B. *Claim 5 Is Procedurally Defaulted*

Petitioner raised Claim 5 in his initial post-conviction petition. However, because he voluntarily dismissed his appeal of the dismissal of that petition, he failed to present Claim 5 to the Idaho appellate courts. Because it is now too late to do so, Claim 5 is procedurally defaulted. *See Gray*, 518 U.S. at 161-62.

### C. *Petitioner Has Not Established a Legal Excuse for the Default of Claim 5*

To the extent Petitioner argues that his motion to dismiss his post-conviction appeal was based on the lack of counsel or ineffective counsel during post-conviction review proceedings, that argument is foreclosed by *Coleman v. Thompson*, 501 U.S. 722,

**MEMORANDUM DECISION AND ORDER - 8**

752 (1991) (establishing the general rule that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default). Although the Supreme Court has carved out an exception to the *Coleman* rule, that exception applies only to ineffective assistance of counsel claims—and Claim 5 is not such a claim. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (holding that lack of counsel, or ineffective counsel, during "initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland* and noting that *Martinez* applies only to claims of ineffective assistance of counsel). Thus, Petitioner has not shown cause and prejudice for the default of Claim 5.

Petitioner contends that he is entitled to take advantage of the fundamental miscarriage of justice exception (Dkt. 19 at 9-10), which—as discussed above—excuses the procedural default of a claim if the petitioner shows that he is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A procedurally defaulted claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is

**MEMORANDUM DECISION AND ORDER - 9**

more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539-40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner does not present any credible evidence that he did not unlawfully possess a firearm—he merely continues to assert that the search warrant was not supported by probable cause. (Dkt. 19 at 10.) This is insufficient to establish actual innocence under *Schlup v. Delo*. Petitioner has not met the extraordinarily high threshold required to invoke the miscarriage of justice exception.

For the foregoing reasons, Petitioner has not established a legal excuse for the procedural default of Claim 5.

**MEMORANDUM DECISION AND ORDER - 10**

# CONCLUSION

Claims 1 through 4 are subject to dismissal as noncognizable, and Claim 5 is subject to dismissal as procedurally defaulted. Therefore, the Court will dismiss this entire action with prejudice.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 17) is GRANTED. All of the claims in the Petition are DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **May 11, 2017**

Honorable Candy W. Dale
United States Magistrate Judge